FILED
JAMES J. VILT JR,
CLERK
05/03/2023
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Docket No. 1:23-CV-60-GNS |
| ) | |
| **HUB MULTIFAMILY, LLC,** ) | |
| ) | |
| Respondent. ) | |

## PETITION TO APPOINT AN UMPIRE IN AN INSURANCE APPRAISAL

The Petitioner, Owners Insurance Company ("Petitioner" or "Owners"), by and through counsel, petitions this Court for an order appointing an impartial and competent umpire and a declaratory judgment pursuant to 28 U.S.C. Section 2201(a). In support of the Petition, Owners states as follows:

### INTRODUCTION

This insurance claim involves alleged wind damage that occurred on or about December 14, 2021 at Respondent HUB Multifamily, LLC's ("Respondent" or "the HUB") property located at 494 Hub Boulevard, Bowling Green, Kentucky 42103 (the "Property"). At the time of the wind damage, Respondent was an insured with Owners and had an insurance policy that afforded coverage for, *inter alia*, property damage as a result of wind damage. Therefore, Respondent filed a claim with Owners. After both Owners and Respondent analyzed the extent of damage through their selected experts, the parties could not reach an agreement on the amount of the loss.

Pursuant to the insurance policy, when the parties disagree on the value of the loss, each party must appoint an appraiser to determine the value of the property or the amount of loss.

Thereafter, the policy requires the appraisers to work together to select an umpire. The policy further states that, should the appraisers be unable to select an umpire, then a petition may be filed with a court with proper jurisdiction to appoint an umpire.

Each party chose an appraiser as required by the policy. Owners selected Grant Trusler ("Mr. Trusler") as its appraiser, and the HUB selected Anthony Antonellis ("Mr. Antonellis") (collectively, the "Appraisers"). Owners has proposed detailed appraisal protocols to help assure a meaningful appraisal process. A copy of the proposed protocols is attached hereto as **Exbibit A**. The HUB has rejected the notion of any appraisal protocols. The Appraisers have also been unable to reach an agreement regarding an umpire or the scope of the appraisal.

## PARTIES AND JURISDICTION

1. Petitioner Owners is a corporation that is incorporated in the State of Ohio, and its principal place of business is located at 6101 Anacapri Boulevard, Lansing, Michigan 48917. Owners' corporate information is attached hereto as **Exhibit B**.

2. Upon information and belief, Respondent the HUB is a limited liability company that is registered in the State of Kentucky, and its principal place of business is located in Bowling Green, Kentucky. A copy of the HUB's corporate information is attached hereto as **Exhibit C**.

3. Upon information and belief, Respondent may be served through its registered agent, Darrell Pierce, at 908 State Street, Bowling Green, Kentucky 42101.

4. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1332. The citizenship of Petitioner is diverse from that of Respondent, and the amount in controversy in this case well exceeds $75,000 exclusive of costs, interest, and attorney's fees because of the difference in the appraisal values of the Property.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because it is the district in which a substantial part of the events and omissions giving rise to the claim occurred and where the Respondent is located.

## FACTUAL BACKGROUND

1. On or about December 14, 2021, a tornado caused wind damage at the HUB's property located at 494 Hub Boulevard, Bowling Green, Kentucky 42103 in Bowling Green, Warren County, Kentucky (the "Loss").

2. The HUB had an insurance policy (the "Policy") through Owners for property damage due to natural disasters such as a tornado.

3. As a result of the Loss, the HUB filed a claim with Owners.

4. Owners has made certain payments in response the claim.

5. Each party retained experts to conduct an analysis of the damage and value of the Loss to the Property.

6. The parties and their selected experts dispute the value of the Loss in an amount that well exceeds $75,000.00 and have mutually agreed to enter into the appraisal process.

7. The Policy sets forth the guidelines and procedures that the parties must follow when engaging in the appraisal process, including the selection of appraisers and an umpire. The Policy states in relevant part:

> **E. PROPERTY LOSS CONDITIONS**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If we submit to an appraisal, we will still retain our right to deny the claim.

8. In conjunction with the Policy's requirements, both Owners and the HUB selected appraisers.

9. Owners selected Mr. Trusler as its appraiser, and the HUB selected Mr. Antonellis.

10. Mr. Trusler and Owners produced several umpire candidates to Mr. Antonellis and the HUB.

11. Owners has also proposed to the HUB detailed written protocols to help ensure a meaningful appraisal process, which were previously attached as **Exhibit A**. The HUB has rejected any such proposal for such protocols and has refused to even consider written protocols for the Appraisers to follow.

12. Additionally, the Appraisers cannot come to an agreement on a proposed umpire or the scope of the appraisal.

13. Because the Appraisers cannot reach an agreement with respect to an umpire, Owners is requesting this Court to appoint a fair and impartial umpire with the requisite education, knowledge, and experience to assess the structural loss and cost associated with the wind event.

14. Owners is further seeking an order requiring the parties to equally bear the expenses for the umpire as set forth in the Policy.

### CAUSE OF ACTION
### DECLARATORY JUDGEMENT
### FOR APPOINTMENT OF AN UMPIRE
### PURSUANT TO 28 U.S.C. 2201(a)

15. Petitioner reasserts and incorporates all other averments set forth herein.

16. The parties entered into the appraisal process because they could not agree to the value of the Loss.

17. The parties each appointed an appraiser to evaluate the Loss.

18. The Appraisers cannot agree on an umpire.

19. Per the Policy and diversity jurisdiction, Owners is requesting that this Court consider the parties' umpire nominees and appoint a fair and impartial umpire with the requisite education, knowledge, and experience to assess the structural loss and cost associated with the wind event.

20. Additionally, pursuant to 28 U.S.C. Section 2201(a), Owners is requesting a declaratory judgment of the rights and other legal relations of the parties regarding the appointment of an umpire and that said judgment have the force and effect of a final judgment or decree and shall be reviewable as such.

21. Owners is further requesting that this Court order that the parties equally bear the costs of the umpire as set forth in the Policy.

WHEREFORE, premises considered, Petitioner Owners prays that:

1. Process be issued to the Respondent and that Respondent be required to answer within the time prescribed by law;

DN 7745979.1

2. The parties submit a list of proposed umpires to the Court and agree upon a briefing schedule related to same;

3. The parties each be limited to four (4) umpire candidates for the Court to consider;

4. The Court appoint a fair and impartial umpire with the requisite education, knowledge, and experience to assess the structural loss and cost associated with the wind event;

5. The Court issue a declaratory judgment with respect to the rights and other legal relations of the parties regarding the appointment of an umpire and that said judgment have the force and effect of a final judgment or decree and shall be reviewable as such;

6. The parties be required to equally bear the costs for the umpire; and

7. For any other, further, and general relief to which Owners may show itself entitled.

This the 3rd day of May, 2023.

Respectfully submitted,

**SPENCER FANE LLP**

*/s/ Courtney Lutz (Creal)*
Courtney Lutz (Creal), Esq. (TN BPR No. 034330, KY BPR No. 97037) (Admission to the United States District Court for the Western District of Kentucky forthcoming)
511 Union Street, Suite 1000
Nashville, Tennessee 37219
(615) 238-6393 (Telephone)
(615) 238-6301 (Facsimile)
ccreal@spencerfane.com

*Attorneys for Petitioner Owners Insurance Company*