UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

OWNERS INSURANCE COMPANY                                    Plaintiff

v.                                        Lead Civil Action No. 1:23-cv-0060-RGJ

HUB MULTIFAMILY, LLC                                        Defendant

\*\*\*

HUB MULTIFAMILY, LLC                                        Plaintiff

v.                                    Member Civil Action No. 1:23-cv-0070-RGJ

OWNERS INSURANCE COMPANY                                    Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiff Owners Insurance Company ("Plaintiff" or "Owners") moves the Court to appoint an umpire for its insurance dispute with HUB Multifamily, LLC ("Defendant" or "HUB"). [DE 12]. HUB responded, and Owners replied. [DE 15; DE 16]. This matter is ripe. For the reasons below, Owners' Motion [DE 12] is **GRANTED** and the Court appoints Hon. Ellen Hobbs Lyle as Umpire.

### BACKGROUND

HUB owns an apartment complex located at 494 Hub Blvd, Bowling Green, Kentucky. [DE 1]. Owners insures the property under a businessowners insurance policy ("the policy"). [DE 1]. During the policy term, the property sustained damage from a tornado. [DE 1]. HUB filed a claim under the policy. [DE 1]. The parties dispute the extent of the damage and hired their own

1

appraisers to assess the damage under the Appraisal provision of the insurance policy. [DE 1]. Under that provision, the parties' two appraisers were to select an umpire. [DE 1]. But because the parties' appraisers could not agree, the Appraisal provision provides for a court to select the umpire. The provision reads, in full:

**2. Appraisal**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    **a.** Pay its chosen appraiser; and

    **b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we still retain our right to deny the claim.

[DE 1 at 4].

On May 3, 2023, HUB petitioned in Warren County Circuit Court, Case No. 23-CI-0582 for a Court appointed umpire. That same day, Owners also petitioned in this Court. On May 19, 2023, Owners removed HUB's state court action to the United States District Court for the Western District of Kentucky, which was subsequently assigned to this Court. On June 13, 2023, the Court ordered that the two cases, Cases No. 1:23-CV-00060-RGJ and Case No. 1:23-CV-00070-RGJ, be consolidated into one action, with Case No. 1:23-CV-00060- RGJ being the lead case. [DE 11]. Owners now moves to enforce the policy's appraisal provision and have an appraisal umpire appointed by the Court. [DE 12].

**DISCUSSION**

Owners provided a list of proposed umpires along with the candidates curricula vitae. [DE 12 at 61-64]. HUB listed proposed umpires but only submitted the curriculum vitea of one of its proposed umpires. [DE 1-1 at 458-60, filed in Case No. 1:23-cv-70]. Owners proposes two candidates—John Hayes, and Ellen Hobbs Lyle. [DE 12].[1] HUB proposed four candidates—Bart Darell, Thomas Kerrick, Steve Wilson, and Brian Goodman. [DE 15]. All of the parties' proposed candidates are attorneys. Owners objects to all of HUB's candidates, largely because HUB's candidates have strong ties to the Bowling Green area, impeding their ability to be fair and impartial. [DE 12]. Owners also objects to each of HUB's candidates on an individual basis. [DE 12 at 56-61]. HUB likewise objects to all of Owner's candidates. [DE 15 at 130]. The parties agree that the Court is needed to appoint an umpire. The parties' disagreements center on impartiality and competence. The Court will address each topic in turn.

First, Owners objects to HUBs candidates on impartiality grounds. Owners argues all of HUB's candidates, except one, have ties to the local Bowling Green community making it impossible for these candidates to be fair and impartial. Owners makes one specific conflict of interest argument as to Thomas Kerrick. Owners asserts that his service on the board of directors of an organization for which one of HUB's owners is director suggests he could not be fair and impartial. [DE 12]. HUB did not directly respond to this or the general argument that its local candidates' cannot be fair and impartial. General ties to the Bowling Green community are not automatically disqualifying as Owners argues, although the Court understands Owners' concern.

HUB presented one non-local candidate, Brian Goodman, an attorney and general counsel for the National Association of Public Insurance Adjusters ("NAPIA"), and expert witness in the

---

[1] Owners withdrew a third candidate, Mike Thompson, an engineer. [DE 14].

field of Public Adjusting, Insurance Carrier Adjusting, and Independent Adjusting in Pennsylvania, Texas, and Maryland. [DE 1-1 at 460]. Owners objects to Mr. Goodman because he primarily works for insureds and has strong ties to the public adjuster industry. [DE 16 at 136]. HUB counters that Mr. Goodman has represented policy holders and insurance companies but provides no citation. HUB also argues Mr. Goodman is the only candidate that has served as an umpire, but again provides no support for this statement. While Mr. Goodman's work experience primarily for insureds does not automatically disqualifies him, there is not support in the record for his experience as an umpire.

As to competence, HUB argues that Owners' proposed umpires have no experience serving as an umpire, or experience with first party property insurance. [DE 15 at 130]. This is also true of HUB's local candidates as none of them appear to have experience with first party property insurance or serving as umpires.[2] No evidence shows that any of the proposed candidates have experience serving as an umpire. The only candidates that appear to have experience with first party property insurance are Mr. Goodman, proposed by HUB, and Hon. Lyles, proposed by Owners. HUB also argues any umpire should be familiar with the Bowling Green area, real estate market, and subject storm. [DE 15]. While personal knowledge may provide helpful context, local knowledge is unnecessary to serve as umpire in this matter.

The Court has examined the credentials of all of the candidates, as well as all of the objections, and finds that the Owners' candidate, Hon. Ellen Hobbs Lyle, is the best candidate to appoint as umpire based on her experience a mediator, arbitrator, judge, and with construction and insurance disputes. [DE 12 at 63-64, Hon. Ellen Hobbs Lyle (Ret.), JAMS, https://www.jamsadr.com/lyle/?tab=bio (last visited November 28, 2023)]. Owners has provided

---

[2] HUB did not provide the court with the curriculum vitae of any of its local candidates.

substantial support in the record for her appointment as umpire. Ms. Lyle has also presided over first party insurance disputes and cases appointing umpires in insurance disputes, and this experience differentiates her from the other candidates in a way that will assist this insurance dispute. [DE 16 at 140-41].

## CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Owners' Motion for Appointment of Umpire [DE 12] is **GRANTED.**

(2) The Hon. Ellen Hobbs Lyle is appointed as Umpire.

(3) As provided by the insurance policy, each party shall pay one-half of the expenses of the umpire.

(4) The parties shall file a joint status report **within 20 days of the entry of this order** outlining any remaining issues, and if so, include a proposed schedule with deadlines for all remaining steps.

cc: Counsel of Record